Jackson, J.,
delivered the opinion of the Court. The two ques- *53 lions which have been argued upon the report in this case, are, l. Whether the confessions of the defendants, contained in the second or third pleas, ought to have been received as evidence on the trial of the general issue; and, 2. Whether, after the jury had found that, the words uttered by the defendant were untrue, they ought to have considered the persisting in the charge by the defendants, after the commencement of the action, and the repetition of it on the record, with an averment of its truth, as sufficient proof of the malice necessary to maintain the action.
It is unnecessary to consider the opinion expressed at the trial as to the supposed inconsistency between the several pleas, because neither of the pleas was rejected on that account, and the opinion produced no effect on the trial but what is involved in the first question already stated.
It may, however, be observed that, if it is' not improper, it must, in general, be unnecessary to add the general issue, when the defendant pleads that the words are true. Under the general issue, the defendant may show that he was not actuated by malice, by proving that the words were spoken privately or confidentially, or in the course of legal proceedings; and this will excuse him, whether the words were true or not. This ground of defence is not expressly negatived by the plea in justification ; and it may therefore * be said, that the two pleas are not obviously and necessarily repugnant. Still I must confess that the two grounds of defence appear to me to be virtually and substantially inconsistent with each other. In the one case, the defendant contends, in effect, that he spoke the words because he knew them to be true; and that, as he was able to prove their truth, he was willing to utter them publicly, and to meet all the consequences that might ensue. In the other case, he says that he spoke the words privately, from motives of friendship, or in the necessary pursuit of justice ; and that he never did, nor intended to, proclaim them to the world as true, upon his own responsibility.
But if it be admitted that a defendant may take both of these grounds of defence, one of them would most commonly defeat the other, so as to make it, as before observed, useless to attempt to join them. For when it has been ascertained that the words in question were spoken by the defendant, and that they are untrue, the only remaining inquiry is, from what motive, or with what design, they were spoken. The jury would undoubtedly consider that the defendant himself must know his own secret motives and feelings; and after he has deliberately avowed and published the slander, because he knew it was true and was able to prove it, and after a fruitless attempt, on his part, to prove its truth they would hardly *54 be brought to excuse him, on the ground that he never intended to give currency to the slander, nor to add to it the weight of his own authority and influence.
A like inconsistency exists, in my apprehension, between the second and third pleas. The ground of the second is, that the defendant does not, and never did, assert that the charge against the plaintiff is true ; but that he said only, that one A B had told him the story which he was repeating. But after the defendants had, in the third plea, asserted the truth of the charge, as of their own knowledge, and upon their own responsibility, with an offer to prove it to the jury, but had failed to prove it, I think the *jury would hardly stop to inquire from whom they first heard the slander.
This, however, is not the ground of the opinion of the Court upon the question whether the express confessions of the defendants, in the second and third pleas, ought to have been received as evidence on' the trial of the general issue. If the defendants had, after the commencement of the action, assured the plaintiff that they should not deny the speaking of the words, but should avow it on the trial, and undertake to prove their truth ; — or, to take a case in which such a supposition would appear less unnatural, if the defendant in an action upon a promissory note should, in like manner, declare tf the plaintiff that he admitted the making of the note, and that he should undertake on the trial to prove that he had paid it; — the plaintiff might undoubtedly proceed safely to the trial with the evidence of these confessions, and without any other evidence of the fact so admitted, (a) If such confessions were in writing, it would give them more weight, as tending to exclude the possibility of mistake as to their import. If made on record, the evidence would be still stronger; and if they were contained in the same record in which the issue was joined which was submitted to the jury, the} would be absolutely conclusive upon the jury, as well as upon the parties. The latter branch of this rule, which was established in ancient times, is recognized and confirmed in 2 Co. 4, and in other later cases ; and is repeated, without any qualification or exception, in the modern books which treat of this subject.
In order to take the case at bar out of the operation of this rule, it must be shown that the rule does not apply when the confession *55 is made under leave to plead double. It is not indeed necessary to consider whether the confession, in this case, was an estoppel to the party, or to the jury ; because, if it was admissible in evidence, the verdict is unexceptionable on this ground. It ought, therefore, to be shown that a confession which, if made by paroi or in writing, or on any other record, would be good * evidence against the party, is not so when contained in the record of the case on • trial, under an order for double pleading. If the statute, which allows the defendant to make two or more pleas, had introduced so important a change in the rules of evidence, we should expect to find many cases in which this new rule would have been applied. But in the century which has elapsed since the passing of that statute, although the cases which have arisen under it are almost innumerable, we do not find an intimation that the rules of evidence have been altered in this particular. It is indeed said, in Morgan’s Vade Mecum, 151, which was cited in the argument, that when, in an action for words, the defendant pleads not guilty, and also a justification, the plaintiff is first to prove the words, before the defendant enters on his justification. But he cites no adjudged case, and no authority whatever for this opinion. A proposition, in any degree questionable in its nature, ought certainly to be supported by some more respectable authority.
This opinion, however, has been supposed to derive some support from the circumstance that the two pleas have been sometimes joined under a leave to plead double; and it is said that the courts would not have granted leave for that purpose, if the pleas were repugnant and contradictory to each other. We have met with very few cases where these two pleas have been joined, (a) and with only one in which the point seems to have been at all considered by the court; that is, the case of Smith vs. Lodge, 2 Barnes’s Notes, 287 ; and the reason there given is certainly very unsatisfactory. But if these cases had been more numerous, they would have very little weight in deciding the question before us. The leave to plead double is generally granted with very little consideration; undoubtedly because it is known that the order cannot have any important influence on the cause. In the King’s Bench, the motion for this purpose is considered as a motion of course ; and when the license is abused, the plaintiff moves to discharge the rule ; and in the Common Pleas the authority, in case of these applications, is * exercised only to prevent oppression on the *56 plaintiff, from the expense and delay to which he would be subjected in replying to several pleas, when one or more of them is manifestly unnecessary. (3)
The statute allows the defendant to plead as many several matters as he shall think necessary for his defence. But as this license, if entirely unlimited, might be often abused, and the records might be encumbered with pleadings which would be wholly impertinent and useless, the statute places the subject under the control of the court, and requires that the defendant shall first obtain their leave for such double pleading. If this direction is wholly arbitrary and unlimited on the part of the courts, they may at any time render the statute wholly nugatory, and in effect repeal its provisions, by refusing to grant the rule. These two parts of the statute are, however, reconciled by considering that, on the one hand, the defendant has a right to plead as many several matters as are necessary for his defence, and on the other, the court shall decide whether the matters proposed to be pleaded are necessary.
Now, as the court can never be presumed to know the grounds on which the defendant intends to rely, in his defence, it is obvious that there are but two cases in which they can ever know, with certainty, that any proposed plea is unnecessary. One is, when the matter of the second plea is involved in the first, and may be as well proved under the first plea; as in assumpsit, when the defendant proposes to plead the general issue, and also that the contract is void by the statute of usury. Here, as the usury may be as well proved under the general issue, the court may reject the second plea as unnecessary. The other case is, where the two pleas are palpably repugnant and contradictory ; so that what is denied in the one is expressly confessed in the other. The pleas of non assumpsit or non est factum, joined to a plea of tender, are supposed to be of this description. The plea of tender does not, indeed, expressly confess the making of the promise, or the execution of the bond ; * but it is considered as an implied admission of the fact; so that the defendant can never have a judgment in his favor, on the ground that he did not make the promise, or did not give the bond.
The reason sometimes given is, that it might produce an incongruity upon the record, if the jury should find the general issue for the defendant, when he had admitted on the same record that he had made the promise, or given the bond, and that he still owed something on that account. But it seems quite as reasonable to say, that the jury could not find the general issue for the defendant *57 against his own admission contained in the same record. If the incongruity is such that the court must notice it after the verdict is returned, it must be also apparent to the judge and the jury before whom the action is tried; and if the defendant cannot avail himself of a verdict obtained against his own admission, it is clear that he ought not to have obtained such a verdict. If this is not the principle, and if the defendant may have a verdict upon one plea_ contrary to his own express admission in another plea, t is not easy to see by what authority the courts ever reject pleas on account of their repugnancy. The pleas of tender and the general issue, if one is not destroyed by the other, may both be necessary for the defendant; and there is no intimation in the statute that he should be deprived of any that may be necessary for his defence.
Upon this construction of the ¡statute, it may be considered that every case, in which two pleas have been rejected as repugnant or contradictory to each other, is an authority in favor of the opinion which we have adopted in this case — that the confession or admission of the defendant, in one plea, may be used against him on the trial of another.
It was said, in the argument, that the several pleas filed in pursuance of the statute are to be considered as wholly independent and disconnected; and that each of them is to be tried without reference to the others. If this were true in the whole extent of the proposition, it would only show * that the jury, whilst trying the general issue, are not bound of themselves to look into that part of the record which contains the justification. But it would not follow that the plaintiff could not read to them that part of the record, as he might read any other part of the record containing the confessions or admissions of the defendant. This proposition, however, is so far true, that each plea must contain in itself matter sufficient, if proved, to bár the plaintiff’s action ; and upon a demurrer to two or more pleas, each must be considered by itself, and one cannot be affected by the other. But it by no means follows that, when the parties are at issue on a question of fact, the admission of one of them, in the same record, or in any other, may not be used in evidence on the trial of that issue.
In the case of Larned vs. Buffinton, cited in the argument, which was an action on the case for malicious prosecution and for slander, the defendant pleaded the general issue to the whole declaration ; and as to the slander, he pleaded the truth of the words in justification. The court was of opinion that the defendant, by this latter plea, had precluded himself from proving many facts and circumstances which might have otherwise been proved under the *58 general issue ; because they were inconsistent with the plea of justification. Both of the pleas must, therefore, have been taken into consideration upon the trial, or it could not have been known that the two grounds of defence were inconsistent; and this case is an authority to show that the statements or admissions of the defendant, in one plea, may be used against him on the trial of another.
It seems impossible to imagine a case of greater contradiction or inconsistency between two grounds of defence, than that which occurred in the ;ose at bar; where the defendant, in one plea, expressly alleges that she did speak the words specified in the declaration, and on the trial of the other issue, denies that she ever spoke them. In the case of Larned, vs. Buffinton, the plaintiff did not rely solely on the confessions of the defendant, but proved that he spoke * the words at divers times and places, and to sundry persons ; and this has doubtless been done in most of the cases where a justification has been pleaded together with the general issue. The plaintiff would always do it, when in his power, for the purpose of aggravating the damages; and whenever he does so, the question we are now considering cannot arise. This may account for the absence of any more direct authority upon this point.
Upon the whole, we see nothing to take this case out of the general rule, that whatever is confessed Or admitted by the parties need not be proved; and we are well satisfied that such confessions, when contained in one plea, filed under leave to plead double, may be used before the jury in the trial upon any other plea. The verdict is, therefore, unexceptionable on this ground.
As to the second question made in this case, the general rule is, that when the words were deliberately spoken, and the charge contained in them is untrue, this is evidence of the malice. The exceptions are, when the words were spoken in the course of legal proceedings, or privately and in confidence, or through mistake, &c., without intention to defame, (a)
When the defendant pleads the truth of the words in justification, he gives the best possible evidence that he uttered them deliberately ; and by such a plea he precludes himself from showing any of those facts, in excuse, or in mitigation of damages. This is settled in the case of Larned vs. Buffinton, before cited. Evidence of the time, place, and other circumstances of the speaking, might *59 have aggravated the damages, but was not necessary to maintain the action, when it satisfactorily appeared that the defendant had deliberately uttered the slanderous words, and that they were false. The first fact, that the defendant deliberately uttered the words, was confessed by the pleadings. The other fact, viz., that they were false, was, in its nature, a negative proposition, which the plain till' was not bound to prove; but it was for the defendants to prove that they were *true. The defendants in this case having made that attempt, and having failed in it, the verdict is right in this particular also, (a)

 The case put is not in point. It applies only when a justification alone is pleaded. Suppose the defendant should inform the plaintiff that, on the trial, he should deny and require proof of the speaking of the words, and that if, by false testimony, it should be proved that he did speak them, he should still contend that he was justified in so doing, would it not be unreasonable to construe this to be an admission of the speaking of the words ? And in what, except in form, does the pleading of the general issue, and a justification, differ from this ?

 Vide Chitty, Plead, vol. iii. 1031—1041. — 8 Went. 303—270—236. — Morg. Vad. Mec. 242—247.— Duncan vs. Thwaites, 3 B. & Cr. 556. — Maitland vs. Goldney, 2 East, 426. — Woolnorth vs. Meadows, 5 East, 463. — Whitaker vs. Freeman, 1 Devreux 380. — Mills and Wife vs. Spencer and Wife, Holt, N. P. 533.

 Tiaa's Pract. K. B. 611. —1 B. & P. 222.-2 B. & P.12.

 No action lies for any allegation, pleading, or other matter published in the usual course of a civil or criminal proceeding in a court of justice. — 1 Stark, Sland 246, 2d ed. — 1 Rolle, 33. — Cro. Jac. 432.—Astley vs Young, 2 Bur. 817. — Rolle 87, pl. 4. — W. Jones, 431, March 20, pl. 45. — Hodgson vs. Scarlet, l B. & A 244. — 1 Saund. 131

 " When several pleas in bar,” says Mr. Gould, “ are pleaded in virtue of this statute (4 Anne) to one and the same thing or demand, each of them is treated and operates as if it were pleaded alone; it being an established rule that one of them ‘ cannot,’ in the language of Lord Ch. Justice ¡Villas,i be taken in to help or destroy another; but that every plea must stand or fall by itself.’ — Grills vs. Manville & Al, Willes, 380. — And the opinion of Mr. Justice Buller is expressed in terms almost literally the same. — King vs. Nowell, 1 D. & E. 125, ace. 5 Serg. & R. 411, per Duncan, J. — No one of them, therefore, can have the effect of dispensing with the proof of what is denied by another. — Maitland vs. Goldney, 2 East, 426.— Woolnoth vs. Meadows, 5 East, 463. — 2 John. R. 537. — 2 Phil. Ev. 97, n. a. — 1 Stark. Ev. 296, n. 389, n. — 1 Chitty, Pl. 543. — Harrington vs. M 'Morris, 5 Taunt. 233. — Cilley vs. Jenness, 2 N. H. R. 89. — Hence, if the defendant plead, first the general issue, and then plead specially matter in avoidance, which impliedly confesses the declaration, (as if he plead non est factum and add a special plea of usury, duress, infancy, payment, &c., or plead all these in successive special pleas, or plead first not guilty, and then special matter of justification or• discharge,) the matter of avoidance thus pleaded, though inconsistent with the general issue, does not supersede the necessity of the plaintiff’s proving nis declaration. For a contrary rule would defeat the very object of the statute — which manifestly is, to enable the defendant, not only to plead, but on the trial to rely upon as many different defences as he may choose to put on the record. But if a plea in avoidance were held to destroy the effect of the general issue, it is manifest that the statute allowing the defendant to plead both pleas, would be altogether nugatory. And the effect would plainly be the same, if one of two inconsistent pleas in avoidance, as payment and accord and satisfaction, both pleaded to the whole demand, were held to disprove, the other. Indeed, it appears clear that the benefit or privilege intended to be conferred on the defendant, by this statute, must be lost to him, unless his several pleas are treated and allowed to operate as entirely independent of each other." — Gould, Plead. 432, 433. — In regard to the opinion in Jackson vs. Stetson Ux., the learned writer says, “ It appears to be opposed not only to the spirit of the statute, but to the general, practice also ” The opinion of the Court in the above case also came under the notice of the Supreme Court in New Hampshire, in Cilley vs. Jenness, (2 N. H. R. 89,) and Mr. Justice Woodbury said it was u contrary to immemorial practice as well as authority.” The same remark was made in regard to it, in a note of the learned editor of Phillips on Evidence. — 2 Phil. Ev. 96, Dunlap's ed. — In Whitaker vs. Freeman, (l Dcvreux R. 280,) Marshall, chief justice, said, in regard to the same decision, “ I believe it stands alone, and that no similar decision has been made in any state of the Union. It constitutes no inconsiderable deduction from the authority of the decision in Massachusetts, that there is reason for the opinion that it was disapproved generally by the bar. It would be entirely inconsistent with the spirit and object of the acts, to permit forms of pleading, devised at a time when judicial proceedings were regulated on a principle which it was intended to change, to render one of the defences which it authorizes an absolute nullity. In England, this has never been attempted.” In Kirk vs. Norvill & Al. (1 D. E. 118,) Buller, justice, said, u There never was such an idea before, as the counsel against the rule have suggested, that one plea might be supported by what was contained in another.” And in Montgomery vs. Richardson & Al. (5 Car. & Payne, 247,) Lord Tenterden» *60 C. J., said, u It would be contrary to all the practice in my experience, and I believe in that of every gentleman at the bar, to hold that the statements in a special plea may be given in evidence under the general issue.’" — See, too, Firmin vs. Crucifix, 5 Car. Payne, 98. — Mills and Wife vs. Spencer and Wife, Holt's N. P. C. 533. — Harrington vs. M'Morris, 5 Taunt. 228. — Lapworth vs. Wast, Cro. Jac. 86. — 2 Starkie on Slander, 400, 2d ed.— Stiles vs. Nokes, 7 East, 494. — Duncan vs. Thwaites, 3 B. & Cr. 556. — 9 Dane, Ab 221 — Goodtinme vs. Bowman & Al. 9 Bing. 532.
Notwithstanding the law upon this subject appears to be well settled and plain, it is somewhat remarkable that the Supreme Judicial Court of Massachusetts, in Alderman vs. French, (1 Pick. 1,) after solemn argument, confirmed the opinion given in the case of Jackson vs. Stetson Ux.; and in giving their opinion, said, “ On the whole, it appears, from the best examination that we have been able to make, that the precise question has never been decided in any of the adjudged cases to be found in the Reports ; and no principle has been established which would necessarily involve and settle the point now in question.” p. 15. This induced the legislature to pass the act of 1826, c. 107, by which it is enacted that, in all actions for libel and slander wherein the defendant may plead the general issue and a justification that the words written or spoken are true, the plea in justification shall not be taken as evidence that the defendant wrote or spoke such words, or made such charge ; nor shall, in case the defendant fail to establish it, be of itself proof of malice, but the jury shall decide, upon the whole case, whether the plea was made with a malicious intent.” Strange as it may seem, the Court still persist and adhere to their opinion, and in Hix vs. Drury, (5 Pick. 303,) say, in reference to the above-mentioned statute, “ This is a great departure from the common law of England, and of this commonwealth.”