## SOPHIA W. BODWELL *versus* BENJAMIN OSGOOD.

A false complaint, made with express malice, or without probable cause, to a body having competent authority to redress the grievance complained of, may be the subject of an action for a libel ; and the question of malice is to be determined by the jury.— So *held*, in the case of a letter from an inhabitant of a school district to the school committee, accusing the schoolmistress of a want of chastity.

The deliberate publication of a calumny, when the publisher knows it to be false, or has no reason to believe it to be true, is conclusive evidence of malice.

In an action for a libel, evidence of the defendant's procuring depositions, &c., to prove the truth of his charges, and afterwards declining to plead a justification, may be properly referred to the jury on the question of malice, but not on the question of damages.

In such an action brought by a schoolmistress against a man of wealth and influence, for accusing her of want of chastity, the verdict was for 1400 dollars ; and the Court refused to grant a new trial on the ground of excessive damages

CASE for a libel ; plea, the general issue.

At the trial, before *Putnam* J., it appeared, that the plaintiff was a young lady of good education and of respectable connexions. She had been employed nine or ten years as a schoolmistress in Methuen, ( where the parties belonged,) and in other towns, and was much respected in that employment. Her mother was dead. Her father, who was a physician, was unable to render any aid in supporting the family, and she had sisters younger than herself who depended very

much upon her for advice and assistance. The defendant
had been for many years a representative from his town in the
General Court, twice a senator from this county, was a magis-
trate of very respectable character and the most wealthy inhab-
itant of Methuen.

The supposed libel was a written communication, dated
May 3, 1824, addressed to the committee of a school dis-
trict in Methuen, in which the defendant, after stating that he
had been informed that the committee had employed the plain-
tiff to teach the school in that district the ensuing summer, re-
monstrates against the appointment, and accuses the plaintiff
of want of chastity in several instances, and pledges himself to
prove the charges.

The defendant's counsel did not contend that the charges
were true, but they put the defence wholly on the absence of
malice ; asserting that the defendant believed the charges to be
true when he made them, and that he not only had a right, but
that it was a duty which he owed to his children and grand-
children, and to the preservation of the public morals, to sub-
mit them to the school committee for the purpose of procuring
the removal of the plaintiff from the school ; and that he had
proceeded in this matter with great deliberation. The son of
the defendant testified, that the defendant employed him to
make inquiries, and to ascertain the truth of the reports which
were in circulation respecting the plaintiff, and that he did so,
and that he procured certificates in writing corresponding with
the charges, which he delivered to the defendant before he
wrote the supposed libel.

Much evidence was introduced, on both sides, as to the
plaintiff's general character for chastity, and as to malice on
the part of the defendant.

On this last point the plaintiff proved, that after the action
was commenced, and before the sitting of the Court of Com-
mon Pleas to which the writ was returnable, the defendant
caused a number of witnesses ( among whom was the plaintiff's
father,) to be examined before a magistrate in Methuen, in a
public manner, as well to prove the truth of the charges con-
tained in the supposed libel, as to show that the plaintiff's gen-
eral character for chastity was bad, when no legal cause ex-

Bodwell
*v.*
Osgood.

381

isted, or was stated by the magistrate, for the taking of the depositions ; the defendant suggesting merely, that he was apprehensive the witnesses would go out of the commonwealth before the sitting of the court, when there was no evidence that any of them had such an intention. The counsel for the plaintiff argued, that the defendant knew the charges to be false when he made them, for that it did not appear that he had at present any new light upon the subject, and yet he had not thought it expedient to plead the truth of the charges, and to give the plaintiff an opportunity of disproving them.

The counsel for the defendant contended, that even if he knew, when he made the complaint, that the charges were false, no action would lie, because the complaint was made to persons having competent authority to redress the grievance complained of. But the judge instructed the jury, that as the defendant did not contend that the charges were true, the verdict should be for the plaintiff, if she had proved that they were made and published maliciously ; but that if the jury believed the defendant wrote and published the supposed libel under a belief that the charges were true, and with an honest intent to cause the plaintiff to be removed from the school for a want of chastity, the verdict should be for the defendant ; that it was necessary to prove that the libel was malicious, as well as false, and that if the plaintiff did not prove the malice beyond any reasonable doubt, such doubt should operate in favor of the defendant ; adopting the principle, that it was of the utmost importance that instructers of youth should be of pure morals. The judge remarked, that malice might be implied or expressed ; and upon the subject of implied malice, he referred to the evidence produced by the defendant, that he had employed his son to make inquiries, and to the fact, that the defendant was in possession of the certificates, and had formerly undertaken to prove the charges, but at the trial did not put the truth of them in issue. The jury were told, that they might consider what was the fair presumption arising from such conduct ; whether it was, that the defendant had acted honestly, or maliciously, in making the charges ; whether it was, that he then believed them to be true, or that he then knew them to be false.

The jury found a verdict for the plaintiff for 1400 dollars damages. The defendant moved for a new trial, because the damages were excessive ; because the jury were misdirected upon the subject of implied malice, as arising or to be presumed from the conduct of the defendant as above stated ; and because no action will lie on the supposed libel, however false and malicious it may have been, for that it was in the nature of a petition to the General Court or any body of men authorized to grant redress.

*Webster* and *Saltonstall*, in support of the motion, contended, that the Court had the power, in an action of tort, to grant a new trial for excessive damages, and that this was a proper case for their interposition. *Duberly v. Gunning*, 4 T. R. 657 ; *Hewlett v. Cruchley*, 5 Taunt. 277 ; *Coffin v. Coffin*, 4 Mass. R. 1.

The instruction to the jury, that they might infer malice from the defendant's not pleading the truth in justification, was incorrect, or at least had a tendency to mislead ; for if he had put in such a plea, and had failed to support it, that would have been considered evidence of malice. So that the defendant must be left without any mode of defence ; since if he justifies, it is proof of malice ; and if he does not justify, that too is proof of malice.[1] From his declining to justify, the jury might infer that the charges were not true, or that he could not prove them, but nothing more.

The school committee had authority to investigate the character of the plaintiff, and this action, therefore, cannot be maintained. *Cutler v. Dixon*, 4 Co. 14 ; *Lake v. King*, 1 Saund. 131 ; *Astley v. Younge*, 2 Burr. 807 ; *Rex v. Baillie*, 2 Esp. Dig. (3d ed.) 506 ; *Thorn v. Blanchard*, 5 Johns. R. 508. [*Remington v. Congdon*, 2 Pick. 310.]

The jury should have been instructed, that as the defendant had an interest in the subject of his complaint, and the paper was exhibited to those who had authority to make an investigation, the burden of proof was on the plaintiff to show express malice. The facts proved did not warrant the inference of a malicious intent. *Jarvis v. Hatheway*, 3 Johns. R.

---

[1] This apparent inconsistency in the law of slander has been removed by the Revised Stat. *c.* 100, § 19. See *post*, 385 note

180 ; *M'Millan* v. *Birch*, 1 Binney, 178 ; *Weatherston* v *Hawkins*, 1 T. R. 110 ; *Edmondson* v. *Stevenson*, Bull. N. P. (4th ed.) 8 ; *Herver* v. *Dowson*, ibid. ; *Rogers* v. *Clifton*, 3 Bos. & Pul. 587.

*Cummins* and *Spaulding, contrà*, on the point of excessive damages, referred to *Gilbert* v. *Burtenshaw*, Cowp. 230 ; *Leith* v. *Pope*, 2 W. Bl. 1327 ; *Duberley* v. *Gunning*, before cited ; *Coleman* v. *Southwick*, 9 Johns. R. 45 ; *Merest* v. *Harvey*, 5 Taunt. 442. [See *Clark* v. *Binney*, 2 Pick. 118.] To show that even admitting the school committee had power to remove the plaintiff, (which they denied,) the action might be sustained upon proof of malice, and that malice might be inferred from the circumstances, they cited *Rogers* v. *Clifton*, 3 Bos. & Pul. 587 ; Hawk. P. C. *bk.* 1, *c.* 73, § 8 ; 2 Dane's Abr. *c.* 63, *art.* 4 ; 2 Phillipps on Evid. (6th ed.) 156.

WILDE J. delivered the opinion of the Court. It can not be doubted that an action for a malicious prosecution might have been maintained upon the facts reported, if the accusation complained of had been made in the regular and ordinary course of justice, and before a tribunal having power to ascertain the truth or falsity of the charge, and to punish the supposed offender. But the school committee, to whom complaint was made, had no such power ; and an action for a malicious prosecution would not lie. If, therefore, this action cannot be maintained, the plaintiff is remediless.

We do not, however, apprehend that the law is so defective as to afford no remedy in a case like this ; nor in our opinion has any good reason been assigned, why the present action should not be sustained. As the case was left to the jury, we consider the fact established by the verdict, that the accusation was false and utterly groundless, and that the defendant knew it to be false at the time of publication. It may, therefore, be admitted, that if the defendant had proceeded with honest intentions, believing the accusation to be true, although in fact it was not, he would be entitled to protection ; and that the occasion of the publication would prevent the legal inference of malice. Indeed the doctrine contended for by *Emmet*, in the case of *Thorn* v. *Blanchard*, 5 Johns. R. 508, and

sanctioned by a majority of the Court of Errors, may be admitted, in its fullest extent, without impeaching the grounds of the present action. It was admitted, in that case, that the action might have been sustained, if there had been proof of express malice, or want of probable cause. In this case there was such proof, and it was put to the jury to decide whether the publication was malicious or not. And they were instructed to find for the defendant, if they should be of opinion, from the evidence, that he acted with honest intentions, and believed that the charges made in the supposed libel were true. The jury, therefore, must have been brought to the conclusion, that he did not act with such intentions, and that he did not believe the charges to be true ; that he acted malicious y, and not with a view to correct a public grievance, for that he knew no such grievance as the one alleged in the libel existed. We think the evidence sufficient to warrant these conclusions ; and if so, then most certainly there was sufficient evidence of malice, and the defendant's principal ground of defence utterly fails.

The deliberate publication of a calumny, when the publisher knows it to be false, or has no reason to believe it to be true, is conclusive evidence of malice. It is, however, unnecessary to weigh the evidence ; it is sufficient that it was satisfactory to the jury, and proper for their consideration. And it is clear, that in the class of cases in which this ranges itself, the question of malice is exclusively for the jury. It was, therefore, properly left to the jury to say whether, considering all the circumstances of the case, the conduct of the defendant was not malicious.[1]

So also the instructions to the jury seem to us perfectly correct. It would have been wrong, no doubt, as has been urged by the counsel for the defendant, to consider the not pleading in justification as a cause for enhancing damages. But the direction is not to be so understood. The jury were to

385

---

[1] See *Remington* v. *Congdon,* 2 Pick. (2nd ed.) 315, n. 1; 2 Stark. Evid (5th Amer. ed.) 467, note ; Starkie on Slander, (Amer. ed. 1832,) 140, 141 ; *Robinson* v. *May,* 2 Smith, 3; *Blake* v. *Pilford,* 1 Moody & Rob. 198 ; *Knight* v. *Gibbs,* 3 Neville & Mann. 467 ; *S. C.* 1 Adolph. & Ellis, 43; *Toogood* v. *Spyying,* 1 Crompt., Mees. & Roscoe, 181; *S. C.* 4 Tyrwh. 582.

decide whether the publication was malicious or not, and the evidence of the defendant's procuring depositions, &c., before trial, and after all, declining any attempt to prove the truth of the charges, was referred to the jury on the question of malice ; and this was clearly correct.[1]

It has been argued that the jury should have been instructed, that the application to a tribunal competent to redress the supposed grievance, was *primâ facie* evidence that the defendant acted fairly, and that the burden of proof was on the plaintiff to remove this presumption. The judge was not requested thus to instruct the jury. He did, however, instruct them that the burden of proof was on the plaintiff to satisfy them that the libel was malicious, and that if the plaintiff did not prove the malice beyond any reasonable doubt, that doubt should be in favor of the defendant. It was unnecessary to be more particular, and it seems impossible that on this point the jury could have been misled.

As to the damages, they are certainly large, perhaps too large, but not so extravagant as to justify the interference of the Court. We do not doubt our power to grant new trials on the ground of excessive damages, in cases of personal torts ; and when they are clearly excessive, and greatly disproportionate to the injury proved, we are bound to interpose.[2] But a strong case must be made out ; and this does not appear to us to be such a case, considering the aggravated nature of the

---

[1] See *Thomas* v. *Croswell,* 7 Johns. R. 264 ; *King* v. *Root,* 4 Wendell, 113.

An unsuccessful attempt to justify the truth of the words spoken, in a civil action, is evidence of malice. *Root* v. *King,* 7 Cowen, 613 ; *Hix* v *Drury,* 5 Pick. 296 ; *Jackson* v. *Stetson,* 15 Mass. R. 48. So it is said, in *Dewit* v. *Greenfield,* 5 Ohio R. 225.

It is now, however, provided by the Revised Statutes in Massachusetts, that a plea of justification by reason of the truth of the words spoken or published, though not supported by the evidence, shall not in any case be of itself proof of the malice alleged in the declaration. Revised Stat. *c.* 100, § 19.

[2] *Clark* v. *Binney,* 2 Pick. (2nd ed.) 121, n. (1) ; Starkie on Slander, (Amer ed. 1832,) 301, n. (149) ; *Davis* v. *Davis,* 2 Nott & M'Cord, 81 ; *Riley* v. *Nugent,* 1 Marshall, (Ken.) 431 ; *Orpwood* v. *Barkes,* 12 Moore, 492 ; *S. C.* 4 Bingh. 261.

A new trial was granted where $5000 had been given in an action for slander, the damages appearing under the circumstances to be excessive *Nettles* v. *Harrison,* 2 M'Cord, 230.

charge, and the situation of the parties. The plaintiff being an unprotected female, having nothing whereon to depend but an unblemished reputation, and the defendant being a man of wealth and influence, we cannot say that the damages are clearly exorbitant.

*Motion for new trial overruled.*