## HAMER *vs.* McFARLIN.

In slander, the defendant is entitled to give in evidence the general bad character cf the plaintiff in mitigation of damages under the plea of not guilty, though he has also pleaded a justification of the truth of the words, and has given evidence in support of that plea.

SLANDER, tried at the Monroe circuit in October, 1844, before DAYTON, C. Judge. The declaration alleged that the defendant had charged the plaintiff with being a thief and with having stolen money. Pleas, 1. Not guilty ; 2. That the defendant, on a day and at a place named, feloniously stole, took and carried away certain bank notes and money, which were specified, being the property of the defendant.

On the trial the plaintiff proved the words as laid, and the defendant gave evidence in support of his plea of justification. The defendant then offered to prove the general bad character of the plaintiff in mitigation of damages. The plaintiff's counsel objected, insisting that the defendant was precluded from giving such evidence by putting in a plea of justification and attempting to support it by proof. The judge sustained the objection, and the defendant excepted. Verdict for the plaintiff, damages $200.

The defendant moves for a new trial on a bill of exceptions.

*J. W. Gilbert,* for the defendant.

*N. Hill, Jr.* for the plaintiff.

*By the Court,* JEWETT, J. It is not now questioned but that a defendant in an action for slander, under the plea of not guilty.

may give evidence of the general bad character of the plaintiff before and at the time of uttering the slander, in mitigation of damages. That principle, so much discussed at an early day, and for a time left unsettled, has since been so well established by authority as not now to be open for discussion. (*Foot* v. *Tracy*, 1 *John.* 46 ; *Springstein* v. *Field, Anthon's N. P.* 185 ; *Paddock* v. *Salisbury*, 2 *Cowen's R.* 811 ; *Douglass* v. *Tousey*, 2 *Wend.* 352; *Root* v. *King*, 7 *Cowen*, 613 ; *S. C. in error*, 4 *Wend.* 113.)

The present question is, whether such evidence is admissible where the defendant, in addition to not guilty, has put in a plea of justification, and given evidence to support it. The statute permits a defendant to " plead as many several matters, as he shall think necessary for his defence ; subject to the power of the court to compel him to elect by which plea he will abide, in cases where he may plead inconsistent pleas." (2 *R. S.* 352, § 9.) With certain exceptions not necessary now to mention, the defendant may plead as many pleas as he may think material to his defence, though they may appear at first view to be contradictory or inconsistent, subject to the power of the court to compel an election. Thus, with *non-assumpsit* he may plead the statute of limitations, or a discharge under an insolvent act, or *ne unques executor*, or *plene administravit ;* or with *non est factum* a discharge in bankruptcy ; and in trespass, with not guilty, *liberum tenementum*, or a justification. So he may plead *non-assumpsit* and infancy. The defendant in this case, by his second plea, it is true, confesses that he spoke the words as charged in the declaration, and he justifies himself by alleging that they were true. If this plea stood alone, the controversy would be narrowed down, by the admission of the words, to a single question : whether they were true, the affirmative of which would rest with the defendant. But here there is also the general issue on the record, by which another distinct defence in bar is interposed ; and until the plaintiff, who holds the affirmative, has sustained that issue by proof, independent of any supposed admission in the other plea, no cause of action is established.

It has, so far as I am aware, with the exception of the cases in Massachusetts which will be afterwards noticed, been uniformly held, that several pleas, put in under the provisions of the statute 4 Anne, ch. 16, of which ours is in substance a copy, are to be regarded as distinct and independent; and that each issue must be proved as if it stood alone. The plaintiff, in an action for slander, must consequently prove the speaking of the words when there is the plea not guilty, though a plea of justification be also interposed, which assumes that the words were spoken and sets up their truth as a defence. It is a well settled rule that each plea must contain matter sufficient, in law, to bar the plaintiff's action, and cannot be made to depend upon facts stated in other pleas. (*Currie* v. *Henry*, 2 *John.* 434.) (*a*) Nor can the plaintiff avail himself of an admission in one of several pleas of the defendant, as evidence of a fact denied in another. Each plea and the issue joined upon it, is distinct in itself, and has no relation to any other. (*Harrington* v. *Macmorris*, 5 *Taunt.* 228.) Each plea is treated and operates as if it were pleaded alone; one of them cannot be taken in, to help or destroy another. A defendant is entitled to every matter of defence which each of his pleas covers, independently of any other; and the plaintiff is bound to meet and sustain the several issues made by the several pleas, on his part. (*Grills* v. *Mannell, Willes' R.* 380; *King* v. *Nowill,* 1 *Durn. & East,* 125; *Rogers* v. *Olds,* 5 *Serg. & Rawle,* 411; *Cilley* v. *Jenness,* 2 *N. Hamp.* 89; *Gould's Pl.* 432; *Montgomery* v. *Richardson,* 5 *Carr. & Payne,* 247.)

The supreme judicial court of Massachusetts has departed from this rule. In *Jackson* v. *Stetson,* (15 *Mass. R.* 48,) it was decided that if the defendant in an action for slander pleaded the general issue, and also a justification that the words were true, the special plea may on the trial, be relied on by the plaintiff, as proof that the words were spoken, and that he need not offer any other proof of the speaking. This case has been followed in the same court by *Alderman* v. *French,* (1 *Pick.* 1.) The doctrine has been

---

(*a*) And see also *The Auburn and Owasco Canal Co.* v. *Leitch,* '*ante, p.* 65.)

uniformly repudiated.   Buller, J. in *King* v. *Nowell,* just refer-
red to, in answer to an argument in favor of the principle, said ;
"There never was such an idea before, that one plea might
be supported by what was contained ·in another.   Each plea
must stand or fall by itself; they are as unconnected as if they
were on separate records."   Woodbury, J. in *Cilley* v. *Jenness,*
(*supra,*) remarked in regard to the decision in *Jackson* v. *Stet-
son,* that it was "contrary to immemorial practice as well as
authority."   In *Whitaker* v. *Freeman,* (1 *Devereux's R.* 280,)
Taylor, C. J. said, in speaking of the same decision: "I be-
lieve it stands alone, and that no similar decision has been
made in any state of the union.   It constitutes no inconsiderable
deduction from the authority of the decision, that there is rea-
son for the opinion that it was disapproved generally by the
bar.   It would be entirely inconsistent with the spirit and object
of the act, to permit forms of pleading, devised at a time when
judicial proceedings were regulated on a principle which it was
intended to change, to render one of the defences which it
authorizes an absolute nullity.   In England this has never
been attempted."   I entirely agree with what is said, on this
subject, by Judge Gould, in his treatise on pleading : "That if
the defendant plead, first the general issue, and then pleads
specially, matter in avoidance, which impliedly confesses the
declaration (as if he pleads *non est factum* and adds a special
plea of usury, duress, infancy, payment, &c. or plead all these
in successive special pleas, or plead first not guilty, and then
special matter of justification or discharge,) the matter of avoid-
ance thus pleaded, though inconsistent with the general issue,
does not supersede the necessity of the plaintiff's proving his
declaration.   For a contrary rule would defeat the very object
of the statute—which manifestly is, to enable the defendant, not
only to plead, but on the trial to rely upon as many different
defences as he **may** choose to put on the record.   But if a plea
in avoidance **were** held to destroy the effect of the general
issue, it is manifest that the statute allowing the defendant to
plead both pleas would be altogether nugatory.   And the effect
would plainly be the same, if one of two inconsistent pleas in

Hamer *v.* McFarlin.

avoidance, as payment, and accord and satisfaction, both pleaded to the whole demand, were held to disprove the other. Indeed it appears clear, that the benefit or privilege intended to be conferred on the defendant, by this statute, must be lost to him, unless his several pleas are treated and allowed to operate as entirely independent of each other." ( *Gould's Pl.* 432.)

It is obvious that if several pleas are allowed to operate independently of each other and as if each were pleaded alone, the defendant could not rightfully or legally have been deprived of giving such evidence under the general issue as was offered and rejected on the trial. The general bad character of a plaintiff in an action for slander or libel, furnishes only a partial defence to the action ; affecting, not the right to recover, but the amount of damages. This defence cannot be pleaded, because every plea in bar must contain a full answer to the declaration or count to which it is pleaded. Most partial defences may therefore be given in evidence under the general issue. ( *Wilmarth* v. *Babcock,* 2 *Hill,* 194 ; *Boyd* v. *Weeks,* 5 *id.* 393.)

Assuming that the evidence which was rejected in this case, would have been proper if only not guilty had been pleaded, I am entirely unable to discover any principle which excludes it when any other plea in bar has been put in with it, even though an attempt be made to sustain such other plea by proof. One ground of the argument opposed to this view is, that the evidence, although it would fail to sustain the justification, would have an improper influence with the jury. It assumes that the jury could not discriminate between the proof offered to sustain the justification and that which relates to the damages merely : but I think the evil apprehended is more imaginary than real. In my opinion there is very little danger to be feared in submitting such evidence to the jury, with proper instructions from the court. But if this were otherwise, it would not furnish a reason for repudiating a well established principle.

It is argued that the cases have settled that evidence of the plaintiff's bad character can only be received where no plea of justification has been put in, or where, if such a plea has been interposed, no evidence has been given in its support ; and the

cases of *Paddock* v. *Salisbury*, (2 *Cowen*, 811;) *Douglass* v. *Tousey*, (2 *Wend*. 352,) and *Wolcott* v. *Hall*, (6 *Mass*. 514,) are referred to as maintaining the distinction. In the first case, the plea was the general issue merely, and this question could not arise; and as I understand the case, no such question was made, discussed or considered in it. The judge, it is true, does remark that the "plea was the general issue merely, without any attempt to justify." "In such cases," he adds, "it is admissible for the defendant to prove many circumstances in mitigation of damages, and among others, the bad character of the plaintiff." I take this case as only an authority for the admission of evidence of the plaintiff's character, under the plea of not guilty. It could go no further.

In *Douglass* v. *Tousey*, the plea is not stated. I infer, however, that it was not guilty, from an expression of the judge that the defendant "has not justified." The principle decided in that case, therefore, is precisely the same, with that adjudged in *Paddock* v. *Salisbury*.

In *Wolcott* v. *Hall*, the only plea was a justification of the truth of the words spoken, upon which issue was joined. On the trial, the defendant offered to prove, in mitigation of damages, that before the speaking of the words it had been reported in the neighborhood of the parties that the plaintiff was guilty of the crime which the words imputed to him. This evidence was rejected on the trial, and the ruling was sustained by the court. Parsons, C. J. seemed to place his judgment upon the ground that under the plea the plaintiff could have had no notice to meet that evidence. "Evidence as to the general character of the plaintiff," he said, "he may at all times encounter, if untrue; and if his character be generally bad, independent of the slander of which he complains, the jury may consider it. Evidence of the plaintiff's general character was not offered, but an attempt only to blast his reputation by particular reports, which he might not have it in his power to silence, but by commencing this prosecution." With us, where the only plea is a justification of the truth of the words, evidence of the bad character of the plaintiff would not

be admissible. Such evidence could only be received under the general issue. The judge erred in excluding the evidence, and there should be a new trial.

New trial granted.