## SUPREME COURT.

### GRAHAM agt. STONE and STONE.

In actions of slander where the defendant denies the charges in the complaint, he can not set out in his answer matters in mitigation of damages which do not constitute a defence to the action, or which could not be proved on the trial.

And in such actions (under the Code), where the answer no where alleges the truth of the defamatory charges, but denies them—facts and circumstances which are proper subjects of proof in mitigation of damages can not be set up or alleged by the defendant. It is only matter constituting a defence to the action, which is properly pleadable, now as before the Code.

But the Code has made one essential change in the pleadings and evidence in actions of slander and libel, that is, where the defendant alleges the truth of the defamatory charges, or justifies, he may allege and prove any mitigating circumstances (which the well established rules of law allow) to reduce the amount of damages (§ 165). And whether the justification is proved or not, such mitigating circumstances may be given in evidence.

*Steuben Circuit and Special Term, February* 1851.

JOHNSON, Justice.—The answer contains a full and explicit denial of the speaking of the slanderous words charged in the complaint, or any or either of them. There is no justification set up in the answer. But the defendant has attempted to interpose certain matters as a defence, or by way of mitigation, in his answer, consisting of scandalous reports concerning the plain-

tiff in the neighborhood, characterized in the answer as " *common gossip*," and which the defendants confessedly did not believe and admit to be untrue.

To this last portion of the answer the plaintiff demurs and assigns several distinct causes or grounds of demurrer.

I think the demurrer to this branch of the answer is well taken. It is not matter constituting a defence to the action; nor is it even matter which could be proved upon trial in mitigation of damages, after proof of the speaking of the words by the plaintiff. It is not now, and never was issuable matter and the plaintiff ought not to be compelled to take issue upon it. This part of the answer, therefore, is clearly bad as not containing matter constituting a defence to the action or facts which could be proved upon trial in mitigation of damages.

The plaintiff's counsel has raised and discussed one question upon this demurrer, the proper settlement and disposition of which is of great practical importance under our present system of pleading.

It is insisted by him that an action of slander under the Code, where the defendant denies the speaking of the words in his answer and does not in any part of it allege the truth of the matter charged as defamatory—facts and circumstances which are proper subjects of proof in mitigation of damages, according to well established rules, should not be set up or alleged in the answer. I have bestowed considerable attention upon this question and am of the opinion that the counsel is correct. The distinction between the defence to an action and mitigation of the damages, is well understood by every lawyer. Before the Code nothing was better settled than that every plea must contain such matters of defence as would constitute an entire bar to the action, and that those partial defences which did not affect the *right* of recovery, but the *amount* merely, could not be pleaded. They were not issuable matters (Harman vs. McFarlan, 4 *Denio*, 511, 513). The general bad character of the plaintiff could not be pleaded, as that did not constitute an entire defence to the action.

The general rule of pleading is unquestionably the same under

Graham agt. Stone.

the Code (§ 149). The new matter constituting a defence, mentioned in the second subdivision, must be taken to mean a defence in bar of the action, as the general term was before used and understood in legal proceedings. It has been repeatedly decided under the Code, and is now well settled, that mere evidence is not pleadable. It is only matter constituting a defence *to the action* which is properly pleadable now, as before the Code. This should constantly be kept in view to avoid intolerable prolixity, tautology, and immateriality in pleading, into which we shall otherwise, under our present system, be in danger of falling. Clearness and brevity are excellencies particularly commendable in all pleaders under our present system.

The Code has made one, and one only, essential change, in the rules of pleading and evidence in actions of slander and libel. Formerly, if a defendant did not plead the general issue, but justified by plea the speaking of the words charged, he was compelled upon trial to rely upon his justification alone, and could not resort to evidence in mitigation of damages, as he could where the speaking of the words was denied. This is now altered by the Code, § 165. It is there provided that in such actions the defendant may in his answer allege both the truth of the matter charged as defamatory and any mitigating circumstances to reduce the amount of damages—and whether he prove the justification or not, he may give in evidence the mitigating circumstances. The defendant may now, notwithstanding his plea of justification, resort to the same proof in mitigation of damages that he could before, under the general issue, whether he proves his justification or not, provided he alleges the mitigating circumstances in his answer.

The right to allege the mitigating circumstance, in the answer, was doubtless intended to be confined to those cases where the defendant in his answer alleged the truth of the matters charged as defamatory. In other words, where he justified, and the section should be so construed. Where the speaking of the words is denied, any such allegation in the answer is unnecessary. The evidence may be given the same as formerly under the general

issue, and the pleadings ought not to be encumbered with such unnecessary details. It is proper here to notice an error into which the defendants' attorney, in common with many others of the profession, has fallen in regard to the character of the mitigating circumstances which a defendant is authorized to allege in his answer by § 165. It is often met with in pleadings in this kind of action under the Code. It has been supposed that the terms "any mitigating circumstances to reduce the amount of damages," in this section, conferred the right upon the defendant to allege any thing and every thing he might deem proper in excuse or palliation of the offence charged, without reference to the previous well established rules of law as to what might and what might not be proved in mitigation of damages. This error can not too soon be corrected. The section in question is liable to no such construction. No enlightened legislative body could for a moment be so regardless of the value and safety of character as to break down so entirely every defence which the wisdom of ages had built up for its protection, and leave it upon trial in court liable to be assailed by every insinuation or suggestion of every hatred, prejudice, popular clamor, and every common gossip, which is here gravely set up as a defence.

"Any mitigating circumstances," as here used, means any circumstances, which the well established rules of law allow as evidence in mitigation of damages, and nothing more. The plaintiff is entitled to judgment upon the demurrer, with the usual leave to defendants to amend upon payment of costs.