---

## SUPREME COURT.

### BUTLER agt. WENTWORTH.

In an action of *slander*, the defendant in his answer may *deny* the charge, and as a further defence set up a *justification.* That is, the defendant may say this, "I have no recollection or belief of having so accused you, but secondly, if I did, the charge was true." CLERKE, J., *contra, See his dissenting opinion.*

*New-York General Term, May,* 1854.

By the Court—ROOSEVELT, Justice. The plaintiff sues for slander, and alleges that the defendant falsely accused him of cheating. The defendant answers—first, I have no recollection or belief of having so accused you; but secondly, if I did, the charge was true. And the question is, does the Code admit of such a mode of pleading.

That it is a natural mode of meeting the complaint, all must admit; that it was a lawful one before the Code, in the form of a notice annexed to the general issue, will also be conceded. Is the Code then a narrowing or a liberalizing system? Its well-known origin and history answer this question. It contains, besides, an express provision on this very point. The defendant may, it says, set up " as many defences and counter-

Butler agt. Wentworth.

claims as he may have." Each, of course, should be separately stated, and be consistent with itself; but no rule of law requires that it should be consistent, not only with itself, but with every other defence which a proper forecast may interpose. It may be that, although a person honestly believes he never used the expressions attributed to him, and although, perhaps, in point of fact he never did use them, yet the bystanders, from misapprehension, or some other cause, may have understood him differently. And should these bystanders, called as witnesses on the trial, honestly or otherwise, swear to a mistaken version of the transaction, must the injured party not only submit, as he must, to that injustice, but be deprived also, as a further consequence, of another, and confessedly good defence, namely, a complete justification of the charge, if, in truth, it were ever made? So to interpret the Code, and the pleadings under it, would hardly be said to be calculated to promote "substantial justice between the parties." And if there be any one duty more than another enjoined on the judges, under the new system, it is that which is implied in the words just quoted. Substantial justice, as distinguished from artificial niceties and technical refinements, is made the star and compass which, for the future, are alone to guide the course of judicial exploration. For one, I do not regret the change, if change it be. The old light-houses, although at times useful, it must be admitted were the cause of frequent shipwrecks—as many a disappointed practitioner and ruined client could, no doubt, feelingly testify.

My conclusion is, that the decision at special term, allowing the two defences to be separately stated, was right, and ought to be affirmed with costs.

CLERKE, J., dissented. Complainant alleges that the defendant had charged the plaintiff with cheating in his business. The defendant traverses the complaint, and as an additional defence, sets up by way of justification, that the plaintiff did cheat in his business.

Can this be allowed? Can the defendant be permitted to deny the allegations in the complaint, and at the same time

claim the right to prove the truth of the words he positively swears he never uttered?

Under the original system of pleading, before its symmetry was disfigured by ill-considered legislation and judicial expedients, equally unwise, one of its most prominent and inflexible rules was, that matter in confession and avoidance could not be combined with a traverse. Among the many evils introduced by the general issue, and one of its most mischievous anomalies, was the allowance of inconsistent pleas. The Statute of 4 *Anne*, *c.* 16, adopted by us, allowing several matters to be pleaded, (in itself a useful provision,) prepared the way for this innovation. This statute required that the leave of the court should be first obtained; and in the beginning courts refused to permit several defences, where they appeared to be inconsistent, such as pleading to the same trespass *not guilty*, and *accord and satisfaction*, or *non est factum*, and *payment* to the same demand. (*Comyn's Digest Pleader*, *E.* 2.)

But when, in the course of time, the rules of pleading were nearly abrogated, by allowing a defendant to prove almost anything under the general issue, or to plead any matter in addition to it, of course inconsistent pleas were tolerated; every special plea in bar being inconsistent with the "general issue."

This was a deviation from a most salutary principle. It was utterly at variance with the original purpose of those preliminary statements, which we call *pleading*, to allow a party to deny the allegations of his adversary, and at the same time to set up matter contradictory of his denial. This would defeat one of its most convenient objects, which is to compel the parties by the operation of their mutual allegations to elicit, as nearly as possible, the precise issue to be tried; thus saving to the parties, and the court at the trial, the labor and delay of an unnecessary accumulation of evidence. Now, for this, if for no other or higher end, they should allege the truth, and nothing but the truth; if, however, you allow a defendant to deny the charge in the complaint, and in the same breath to justify it, you encourage him to assert what is false, by doubly fortifying

Butler agt. Wentworth.

his chances of success.   Thus as under the practice established under the general issue, (which if not already, I hope soon will be defunct,) he would have the chance of succeeding, not only on the strength of his own case, but by failure of the plaintiff's proof.

It is of the *essence* of an answer in justification or excuse to confess the allegation, which it proposes to answer or avoid; and if the defendant does not confess the allegation, but traverses it, the truth or falsehood of that allegation is the only issue for the court to try.

In endeavoring to get rid of the useless formula, the complexity and subtleties of the science of pleading, the legislature did not intend to abolish its essential principles.   It has abolished the forms of action, and all useless and merely scholastic distinctions, as well as every technicality calculated to render any system of preliminary altercations nugatory.

In numerous instances since the adoption of the Code, these principles have been recognized and applied, and in cases precisely similar to this they have been frequently asserted and recognized.   Anibal agt. Hunter.  (6 *How. Pr. R.* 255.)  Lewis agt. Kendall.   (*Id.* 59.)

In Arnold agt. Dimon, (4 *Sand. S. C. Rep.* 680,) OAKLEY, J., declares the rule on this subject to be, " Where facts are alleged in an answer, which from their nature must be within the personal knowledge of the defendant, and which, if true, are a complete answer to the claim, he shall not set up in addition another state of facts not consistent with the previous defence."

If the defendant in this action has uttered the words charged in the complaint and denies the charge, he is asserting *what he knows to be false ;* he knows whether he uttered them or not, and we must not sanction falsehood by allowing him to justify.

If he has not uttered those words, *we have nothing to do with the character or conduct of the plaintiff ; that can only be inquired into in reference to the justification of the defendant for uttering them.*   We have neither the disposition nor the time to investigate character or conduct as independent subjects of inquiry ;

and the only issues which can arise on the trial of this actioṇ are :

1. Did the defendant utter the words charged in the con- plaint?

2. *If he did,* are they true ?—the truth being a justification.

The objection is offered that, if the defendant is not per mitted to justify, the plaintiff may by possibility prove by false witnesses, that the defendant uttered the slander charged in the complaint, and he would then be without redress, unless he could fall back upon the justification and prove the truth of the charge. But, is not the plaintiff in this respect as much in the defendant's power *as the defendant is in the plaintiff's* ? For aught we know, the defendant is as capable of proving the truth of the charge by perjury, as is the plaintiff of proving the utterance of the slander by the same means. We are not to act in reference to such a contingency arising from either side The only protection the law affords against false evidence con sists in the pains and penalties of perjury, *after it is committed.* If such an apprehension were to find any place in our delibera- tions, it would require either a complete restoration of the old system in all its amplitude, or the abolition of preliminary statements altogether. To guard, for instance, against the danger of an insufficient statement of the cause of action, or the hazard of the proofs varying materially from the statement, or against a doubt existing as to the legal sufficiency of one or another of two or more different modes of framing a count, we ought to have the old declaration, with its prolixity, repetitions, and numerous counts, not forgetting the general issue, with the license of pleading or proving anything or everything under it; or, I should prefer, if the possibility of perjury under such cir- cumstances is so imminent as to counterbalance the advantages of pleading, that the system should be abolished altogether, and the parties be permitted to go to trial without preliminary altercations.

The only purpose, then, for which this matter alleging the truth of the charges in the complaint could be retained is to show mitigating circumstances; but it is only where the de-

Butler agt. Wentworth.

fendant confesses and avoids that he can show mitigating circumstances. (Graham agt. Stone, 6 *How*. 115 ; Newman agt. Otto, 4 *Sand. S. C. R.* 668 ; Fry agt. Bennett, 5 *id*. 54.)

I entirely concur with JOHNSON, J., in Graham agt. Stone, in all the positions he supports in that case ; and although other judges have not acquiesced in his conclusions, that mitigating circumstances must necessarily be pleaded in connection with a justification, to me it is clear that they cannot, at all events, be pleaded where the defendant denies the charges in the complaint.

The decision of the special term, then, ought to be reversed.

I have dwelt somewhat longer on the subject of this appeal than its importance at first sight would seem to require, but I think we should avail ourselves of every opportunity of constructing a rational system of pleading, by which the great end of all preliminary statements may be accomplished, and this can only be done by retaining all that is conducive to this end, in the original system, and lopping off all that is at variance with it. While we studiously avoid the subtleties, the fictions, the scholastic distinctions, and useless formula of that system, together with the later innovations, by which its primary object was entirely frustrated, we can preserve those principles originally belonging to it, by which issues may be developed by the effect of the parties' mutual allegations, and materiality, singleness and certainty in these issues secured, and obscurity, prolixity, and delay avoided. The Code enables us to do this effectually, and as every successive occasion presents itself we shall have abundant opportunity, by combining our practical experience with our theoretical knowledge of those principles, to construct a system surpassing any yet established in facilitating the administration of justice.