### SUPREME COURT.

ANDREW J. HACKLEY, MARCUS HUNGERFORD, and GRANT E. GARLOCK, agt. WILLIAM A. J. OGMUN.

In an action to recover the *possession of personal property,* the defendant may answer by a *general denial,* and set up a *justification* also—they are not *inconsistent* defences.   (*See* 4 *Sand. S. C. R.* 664 *and* 680; *and* 8 *How. P. R.* 356, *adverse.*)

*Sixth Dist., Delhi General Term, July,* 1854.
CRIPPEN, SHANKLAND, and MASON, Justices.

This action is brought to recover the possession of personal property, and is familiarly known as an action of replevin.

The defendant, in his answer interposes a general denial of the allegations in the complaint, and, secondly, a justification for the taking of the property, under executions againt one William Bingham, whom the answer alleges to be the owner of the property.

At the commencement of the trial in the circuit, the counsel for the plaintiff moved the court that the defendant be required to elect upon which of the two defences set up in his answer he would rely, upon the ground that the answer set up inconsistent defences, and the judge at the circuit decided that the defendant should so elect, to which decision the counsel for the defendant did then and there except. Thereupon the counsel for the defendant elected to rely upon the second defence set up in answer. This exception presents the only question in the case.

SAMUEL GORDON, *for plaintiffs.*
ROBERT PARKER, *for defendant.*

By the court—MASON, Justice. The simple question presented for our determination therefore, is, whether in this action the defendant, under our present system of pleading, can set up a general denial and a justification in his answer, where they are separately pleaded. At common law, a defendant could not plead several distinct pleas to the same declaration, or a part thereof; (1 *Chitty's Pl.* 592, 593;) but by the statute 4 and 5 *Anne, chapter* 16, *sec.* 4 *and* 5, the defendant, with leave of the court, was allowed to plead as many several matters as he should think necessary for his defence, and by our former statute he was allowed to plead as many several matters as he should think necessary for his defence, provided he did not plead inconsistent pleas, and then his inconsistent pleas were subject to the power of the court, to compel him to elect by which plea he would abide. (2 *R. S.* 352, § 23.) Neither under the statute of Anne, nor our former statute, would the answer in this case have been held to set up inconsistent defences. (1 *Chitty's Pl.* 595; Shuter agt. Paige, 11 *J. R.* 196; Bemus agt. Beekman, 3 *W. R.* 667.)

In replevin, *non cepit*, and property in himself, or a stranger, were always regarded as consistent pleas. The 150th section of our present Code provides that the defendant may set forth by answer as many defences and counter claims as he may have, whether they be such as have heretofore been denominated legal or equitable, or both. I should not for a moment have entertained a doubt, but under this statute the defendant had a right to interpose both of these defences, had not opposite opinions been thrown out by the superior court of New-York, and by my brother CRIPPEN. (Arnold agt. Dimon, 4 *Sanf. S. C. R.* 680 ; Meyer agt. Shults, *id.* 664; 8 *How. Pr. R.* 356.) The 150th section of our present Code is broader in its language than either the statute of Anne or our former statute. It extended the right of the defendant to set up as many defences as he may, and I see no reason for giving this statute such a construction as shall make it more restrictive than our former practice; and I see that my brother SHANKLAND has given it even a more extended construction than was given to our former statute. (Stiles agt. Comstock, 9 *How. Pr. R.* 48.) I think these defences are not inconsistent defences, under our present system, and that the judge at the circuit erred in requiring the defendant to abandon one or the other, and that for this reason the judgment of the court below should be reversed, and a new trial granted, costs to abide the event.