COSMORE G. BRUCE, Appellant, *v.* J. B. BURR et al., Respondents.

Under section 150 of the Code, a defendant may interpose as many defences or counter-claims as he may have, and an objection of inconsistency between them is not available.

In an action, therefore, for breach of a contract of sale, defendant may set up a rescission of the contract on the ground of fraud or mistake, and, also, breach of warranty on the part of plaintiff.

Defendants contracted to sell and deliver to plaintiff a quantity of books at stipulated prices, receiving in payment therefor the promissory note of L. Before and about the time of the delivery of the note, plaintiff stated to defendants that the note was good, and would be paid at maturity; that he would guarantee that the note would be paid, and that the maker was responsible. The note was not good, and was not paid at maturity, and the maker was not responsible. In an action for breach of the contract, in failing to deliver the books, it appeared that defendants made inquiries of others as to the responsibility of the maker, and received favorable answers, which they believed, and upon which they, to a certain extent, relied. Defendant B., who made the contract, testified that he relied upon plaintiff's statements. *Held*, that defendants' testimony was not contradicted by, or inconsistent with, the fact that he believed, from information derived from others, that the maker was responsible; that such belief would not prevent the enforcement of a warranty if made; and that the statements of the plaintiff constituted a warranty.

Also *held*, that such a parol warranty was not invalidated by the statute of frauds.

(Argued October 3, 1876; decided November 14, 1876.)

APPEAL from order of the General Term of the Court of Common Pleas, for the city and county of New York, reversing a judgment in favor of plaintiff, entered upon the report of a referee, and granting a new trial. (Reported below, 5 Daly, 510.)

This action was brought to recover damages for the alleged breach of a contract of sale on the part of the defendants.

The complaint alleged, and the referee found, in substance, that defendants contracted to sell and deliver to the plaintiff certain books and publications to the amount of $2,975.50,

and agreed to, and did, receive in payment therefor the promissory note of one O. F. Lund for that amount; that defendants delivered a portion of said books and publications in pursuance of the agreement, but refused to deliver the balance. The defendants, in their answer, claimed to rescind the contract on the ground of fraudulent representations on the part of the plaintiff, as to the solvency of the maker of the note. While the trial was pending before the referee, the defendants, upon motion, were granted permission to serve an amended answer, setting forth as an additional defence, and as a counter-claim, a breach of warranty, on the part of plaintiff, as to the goodness of the note and the responsibility of the maker. On the continuance of the hearing before the referee, plaintiff's counsel asked that defendants be compelled to elect between the defences of rescission and breach of warranty; which request was denied, and said counsel duly excepted.

The referee found, among other things, " that, prior to, and about the time of, the delivery of the note of O. F. Lund by the said plaintiff to the said defendants, the said plaintiff did state to the defendants that the said note was good, and would be paid at maturity; and that he would guarantee that the note would be paid, and that the maker was responsible ; that the said note was not good, and was not paid at maturity; and the maker was not at the time of such statement responsible ; that the defendants did not rely upon the statements and representation made by plaintiff to defendants in regard to the said note." And, as conclusion of law, the referee found that plaintiff was entitled to recover the damages proved.

Further facts appear in the opinion.

*Geo. W. Van Slyck* for the appellant. No representations of plaintiff were shown upon which an action would lie. ( *Wakeman* v. *Dalley* 51 N. Y., 37 ; *Chester* v. *Comstock*, 40 id., 576 ; *Oberlander* v. *Speiss*, 45 id., 175 ; *Marsh* v. *Falker*, 40 id., 562.) Defendants, with an action against Lund on the note still pending, are in no condition to tender the note to

plaintiff. (*Cobb* v. *Hatfield*, 46 N. Y., 533; *Curtiss* v. *Howell*, 39 id., 211.) The law presumes every man solvent until the contrary is shown. (*Walrod* v. *Bell*, 9 Barb., 271.) Defendants cannot avail themselves of the defence of warranty in this action. (*Kennedy* v. *Thorp*, 51 N. Y., 174; *Bk. of Beloit* v. *Beale*, 34 id., 473; *Rodermond* v. *Cark*, 46 id., 354; *Morris* v. *Rexford*, 18 id., 552; *Rose* v. *Mather*, 51 id., 108; *Springstead* v. *Lawson*, 23 How., 302.) There was no warranty of the note, except the implied one as to the title and its genuineness. (*Wilbur* v. *Cartright*, 44 Barb., 540; *Ender* v. *Scott*, 11 Ill., 35; *Humphry* v. *Curlew*, 8 Blackf., 508.) Defendants cannot avail themselves of the defence of the mutual mistake as to the solvency of the maker of the note at the time of transfer. (*Dudley* v. *Scranton*, 57 N. Y., 424; *Bliss* v. *Mather*, 51 id., 108; *Burnham* v. *Walker*, 54 id., 656; *Degraw* v. *Elmore*, 50 id., 1; *Barnes* v. *Quigley*, 59 id., 265; *Graham* v. *Read*, 57 id., 681; *Williams* v. *M. and T. F. Ins. Co.*, 54 id., 577; *Welch* v. *Moffat*, 1 T. &. C., 575; *Kimberley* v. *Patchen*, 19 N. Y., 334; *Whitbeck* v. *Van Ness*, 11 J. R., 409.)

*Simon E. Church* for the respondents. The contract was illegally procured and void. (3 R. S. [5th ed.], 978, §§ 42, 43; id., 956, § 55; *Swords* v. *Owen*, 43 How., 176; *Best* v. *Bander*, 29 id., 489; *Hoyt* v. *Allen*, 2 Hill, 322; *Pennington* v. *Townsend*, 7 Wend., 276; *De Witt* v. *Brisbane*, 16 N. Y., 508; 2 Pet., 527; 20 How., 154; 26 Barb., 595; 17 id., 397; *Bell* v. *Quinn*, 2 Sand., 146; Story on Con., §§ 443, 447.) Independent of the statute, the contract was void for fraud. (Story's Eq., § 192; *Willink* v. *Vandeveer*, 1 Barb., 599; *Simar* v. *Canaday*, 53 N. Y., 306; *Mead* v. *Bunn*, 32 id., 275; *Bennett* v. *Judson*, id., 238; *Van Slyke* v. *Hyatt*, 46 id., 259; *Sharp* v. *Mayor, etc.*, 40 Barb., 256; *Craig* v. *Ward*, 1 Abb. Ct. App. Dec., 454; 3 Keyes, 387.) Plaintiff's representations on turning out the note constituted a warranty. (*Wilbur* v. *Cartright*, 44 Barb., 536; *Cook* v. *Nathan*, 16 id., 342; *Ross* v. *Mather*, 47 id., 582; 2 East, 234; *Brisbane* v.

*Parsons,* 33 N. Y., 332; *Cardell* v. *McNeill,* 21 id., 336; Throop on Validity of Collateral Verbal Agreem'ts, 63; *Yates* v. *Alden,* 41 Barb., 172; *Haight* v. *Hoyt,* 19 N. Y., 466; *Ballard* v. *Lockwood,* 1 Daly, 158.) The fact that the note was worthless when it was turned out and accepted in payment was alone sufficient to defeat this action. (*Benedict* v. *Field,* 16 N. Y., 595; *Roberts* v. *Fisher,* 43 id., 159.)

CHURCH, Ch. J. There is a legal difficulty, although somewhat technical, in sustaining the decision of the General Term in favor of the defendants on the ground of a right of rescission founded upon a mutual mistake within the principle decided in 16 New York, 595, and 43 id., 159. That defence was not set up in the answer. A right to rescind on the ground of fraud was set up, but not on the ground of mutual mistake. The evidence was competent upon the issue made, and the right to object to its use upon an issue not made by the pleadings was not, therefore, waived. (54 N. Y., 577.)

The General Term having reversed the judgment below upon the facts, this court has a right to review such decision, and for that purpose all the facts are before the court for consideration; and if the facts justify a reversal of the judgment, although upon a different theory from that adopted by the General Term, the decision of the latter should be sustained.

One of the defences set up in the amended answer by the special permission of the court was a parol warranty of the goodness of the note and of the solvency of the maker. An objection is made that this defence is not available because inconsistent with the defence of a right of rescission founded upon fraud or mistake. The proper mode of interposing this objection would have been by appealing from the order permitting the defence to be made. But the objection is not tenable. The Code (§ 150) allows a defendant to put in as many defences or counter-claims as he may have, and the objection of inconsistency between them is not available. The first question is whether this defence was established. The referee found upon sufficient evidence that prior to and

about the time of the delivery of said note of O. F. Lund by the said plaintiff to the said defendants the said plaintiff did state to the defendants that the said note was good and would be paid at maturity, and that he would guaranty that the said note would be paid and that the maker was responsible. The referee also found that said note was not good and was not paid at maturity, and that the maker was not responsible; but the referee also found that the defendants did not rely upon these statements and representations, and upon this latter finding it is claimed that a defence cannot be predicated upon a warranty. This finding, in the light of the evidence, is a little ambiguous. Whether the learned referee intended by this finding to decide that the statements and representations of the plaintiff were not the sole inducement, or any inducement for taking the note and making the contract by the defendants, or that the statements were of such a character that the defendants had no right to rely upon them, except as expressions of opinion, cannot be certainly determined. The defendants did institute independent inquiries as to the responsibility of the maker and received information favorable to his solvency upon which, to a certain extent, they relied; but the defendant who transacted the business expressly affirms that he relied upon the statements of the plaintiff, and this is not contradicted and is not inconsistent with the fact that he believed that the maker was responsible from information derived from other persons. Such belief would not prevent the enforcement of a contract of guaranty or warranty, if made; certainly not if it had been in writing, and the same principle, in this respect, applies to a parol contract. The finding of the referee is explicit as to the language employed, and it is apt and proper to constitute a warranty, although no particular expression is necessary for that purpose. The language of the plaintiff, that he would guarantee that the note would be paid, is not appropriate as an expression of opinion, and all his statements, as found by the referee, were positive and unqualified in respect to the goodness of the note and the solvency of the maker. True, the

plaintiff declined to indorse the note, but stated as a reason, according to the evidence of one of the defendants, that it was not necessary, as it was payable to the order of Lund, and he had indorsed it, but, at the same time, assured the defendant that the note was "perfectly good." In any aspect of this finding, whether considered as a question of fact or law, I do not think it should operate to preclude the defendants from enforcing the contract of warranty.

Upon the argument, my impression was that the statute of frauds was in the way of enforcing this parol warranty, but the case of *Cardell* v. *McNiel* (21 N. Y., 336) seems to be decisive in favor of the right to enforce it. The observation of Comstock, J., in delivering the opinion, thus construes the transaction: "In a sense merely formal, he agreed to answer for the debt of Cardell. In reality, he undertook to pay his own vendor so much of the price of the chattel, unless a third person should make the payment for him, and thereby discharge him." I am unable to distinguish the two cases in principle, and we are disposed to adopt the decision as controlling in this case.

The order of the General Term must be affirmed, and judgment absolute ordered for the defendants, with costs.

All concur.

Order affirmed and judgment accordingly.