### SOCIETA ITALIANA DI BENEFICENZA *v.* SULZER.

*(Superior Court of New York City, General Term.   July 5, 1892.)*

**1. PLEADING—INCONSISTENT DEFENSES—ELECTION.**

Defendant agreed to pay the "united societies" $400 if they would use her park for picnic purposes, and buy all their wines and refreshments from defendant.   In an action to recover such sum defendant set up a counterclaim for damages in that the "united societies" failed to use the park as a body, part of them having gone elsewhere; and averred as a further defense that they brought their own wines and refreshments with them, and violated certain other agreements.   *Held,* that the court properly compelled defendant to elect whether to stand on the counterclaim or the facts alleged by way of defense.

**2. ACTION ON CONTRACT—REPRESENTATIONS—WANT OF GUARANTY.**

Defendant not having exacted from the "united societies" a guaranty of the number that should attend the picnic at her park, or a guaranty of profits, the court properly excluded evidence offered by her to show the extent of her preparations for the picnic; the representations made to her in respect to such attendance and profits having been as to expectations only.

Appeal from trial term.

Action by the Societa Italiana di Beneficenza, assignee of the United Italian Societies of the city of New York, against Catharine Sulzer, to recover the sum of $400, which defendant agreed to pay said united societies if they would use her "park" for picnic purposes, she to have the privilege of furnishing them with wines and refreshments, they agreeing not to bring their own refreshments and wines with them to the grounds.   The defense was (1) a counterclaim for damages, in that the united societies, in order to procure the contract, had falsely represented to defendant that they would as an entirety use plaintiff's park, whereas they "split up," and the greater number of the societies held their picnics elsewhere; (2) that such of the societies as did use the park brought with them their own wines and refreshments, and further violated their agreement by permitting games of chance in the park.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before FREEDMAN and DUGRO, JJ.

*Lorenz Zeller,* for appellant.   *Warren W. Foster,* for respondent.

PER CURIAM.   The case contains no certificate or statement or other proof that the case on appeal contains all the evidence, and consequently this court cannot determine that the order denying defendant's motion for a new trial, if such order was made, is erroneous, as contrary to the evidence, or as against the weight of evidence.   Moreover, the case contains no order denying motion for new trial.   A mere exception to the refusal to grant the motion, it has been repeatedly held, presents no question of fact for review.   For the reasons stated, the exceptions only can be received, and, if they are found untenable, the verdict of the jury must be held to have conclusively established that the contract sued upon was not procured from defendant by rep-

resentations of existing material facts that were false and fraudulent, and also that the contract was substantially performed on plaintiff's part. The trial judge properly compelled the defendant to elect either to stand on her alleged counterclaim, and to affirm the contract, or to abandon the counterclaim as such, and to stand on the alleged facts as a defense. Defendant could not have the benefits of a valid contract without bearing its burdens. She could not be permitted to affirm in part and rescind in part. To such a state of facts the case cited by appellant's counsel (*Bruce* v. *Burr*, 67 N. Y. 237) has no application.

The offered evidence of preparations made by the defendant for the picnic was properly excluded. The only theory on which such evidence might be admissible is that it goes to show defendant's belief in the representations made. But no representation is available for that purpose unless it is a representation as to an existing material fact. It was made to appear that the representations relied upon for rendering the excluded evidence admissible related to mere expectations, and not to existing material facts. If the defendant wished to rely on the representations of expectations which she claimed plaintiff's committee made to her, she should have exacted from the committee a guaranty of the number to be present, or a guaranty of profits. The questions at issue were fully and fairly submitted to the jury under a charge which carefully guarded every right which the defendant had, and no exception appears anywhere which calls for reversal. The judgment should be affirmed, with costs.