## WENDLING v. PIERCE.

(Supreme Court, Appellate Division, Fourth Department. . March 26, 1898.)

PLEADING—ANSWER—CONTRADICTORY DEFENSES.

> An answer may deny that defendant ever entered into the contract on which plaintiff seeks to recover, and also plead that defendant was released from liability thereunder by reason of plaintiff's fraud, as Code Civ. Proc. § 507, authorizes a defendant to plead as many defenses as he has.

Appeal from special term, Erie county.

Action by Frederick Wendling against George M. Pierce. From an order striking out certain allegations in the answer, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

W. H. Ticknor, for appellant.
Niles C. Bartholomew, for respondent.

ADAMS, J. The plaintiff, a real-estate broker, brings this action to recover the amount claimed to be due him by reason of his employment by the defendant to negotiate the exchange of his farm of about 400 acres for certain real estate in the city of Buffalo. The answer of the defendant denies any employment of or indebtedness to the

plaintiff.    It then admits the execution of the contract for the exchange of the property referred to in the complaint, and alleges that the defendant was induced to enter into the same by reason of the false statements and representations made by the plaintiff, as the agent or representative of one Harmon Frost, the other party to the contract, and that, when he (the defendant) discovered the fraud which had been practiced upon him, he refused to complete the exchange, and so notified both the plaintiff and Frost.

The allegations respecting the representations made by the plaintiff were regarded as irrelevant by the special term, and it is from the order striking them from the answer that this appeal is brought.    The theory upon which this order was granted was that the allegations of the defendant's answer were inconsistent with each other, as possibly they were; but we do not understand that consistency is any longer required of a defendant in pleading several separate and distinct defenses.    The former Code of Procedure (section 150) permitted a defendant to set forth in his answer as many defenses and counterclaims as he might have; and, under this system of pleading, it was repeatedly held that defenses which were utterly inconsistent with each other might be properly united in the same pleading,—as, by way of illustration, a denial of speaking the words and an allegation that the words spoken were true, in an action of slander (Buhler v. Wentworth, 17 Barb. 649); or a denial and a justification of the taking, in an action of replevin (Hackley v. Ogmun, 10 How. Prac. 44).    When the present Code of Civil Procedure was enacted, in 1876, an attempt was made to impose a limit upon a defendant's right to plead separate and distinct defenses, by requiring that "they must not be inconsistent with each other" (Laws 1876, c. 448, § 507); but in 1879 the words above quoted were stricken from the section, so that now, as formerly, a defendant, without any restriction, may set forth in his answer "as many defenses or counterclaims, or both, as he has" (Code Civ. Proc. § 507); and it matters not whether they are consistent or inconsistent with each other (Bruce v. Burr, 67 N. Y. 237; Goodwin v. Wertheimer, 99 N. Y. 149, 1 N. E. 404; Societa v. Sulzer, 138 N. Y. 468, 34 N. E. 193).    A defendant is sometimes required to elect upon which of two inconsistent defenses he will rely; but this is done only where, from the very nature of the case, it is impossible for him to avail himself of both. Breunich v. Weselman, 100 N. Y. 609, 2 N. E. 385; Hollenbeck v. Clow, 9 How. Prac. 289.    In these modern times the tendency is unmistakably towards liberality in our system of pleading, and the courts are disposed to afford suitors ample opportunity to so frame their issues as to be able to litigate any and all matters in difference between them. We see no sufficient reason for making the present case an exception to this rule, and are therefore of the opinion·that the order appealed from should be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs.    All concur.