FREDERICK WENDLING, Respondent, v. GEORGE M. PIERCE, Appellant.

*Defenses cannot be struck out merely because they are inconsistent.*

In an action brought by a real estate broker to recover commissions upon an exchange of real estate, the answer, after denying any employment of or indebtedness to the plaintiff, admitted the execution of the contract for the exchange of the property, but alleged that the defendant was induced to enter into the contract by the false representations of the plaintiff, acting as agent for the proposed vendee, and that when the defendant discovered the fraud he

refused to complete the exchange and so notified the plaintiff and the proposed vendee. The court at Special Term by order struck out this latter defense as irrelevant on the ground that it was inconsistent with the former one.

*Held,* that such order was erroneous;

That section 507 of the Code of Civil Procedure, as amended in 1879, permits a defendant to set forth in his answer "as many defenses or counterclaims, or both, as he has" without regard to their consistency.

APPEAL by the defendant, George M. Pierce, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 5th day of November, 1897, striking out certain allegations contained in the defendant's answer.

*W. H. Ticknor,* for the appellant.

*Niles C. Bartholomew,* for the respondent.

ADAMS, J.:

The plaintiff, a real estate broker, brings this action to recover the amount claimed to be due him by reason of his employment by the defendant to negotiate the exchange of his farm of about 400 acres for certain real estate in the city of Buffalo.

The answer of the defendant denies any employment of or indebtedness to the plaintiff. It then admits the execution of the contract for the exchange of the property referred to in the complaint and alleges that the defendant was induced to enter into the same by reason of the false statements and representations made by the plaintiff as the agent or representative of one Harmon Frost, the other party to the contract, and that when he, the defendant, discovered the fraud which had been practiced upon him he refused to complete the exchange and so notified both the plaintiff and Frost.

The allegations respecting the representations made by the plaintiff were regarded as irrelevant by the Special Term, and it is from the order striking them from the answer that this appeal is brought. The theory upon which this order was granted was that the allegations of the defendant's answer were inconsistent with each other, as possibly they were; but we do not understand that consistency is any longer required of a defendant in pleading several separate and distinct defenses.

The former Code of Procedure (§ 150) permitted a defendant to set forth in his answer as many defenses and counterclaims as he might have; and under this system of pleading it was repeatedly held that defenses which were utterly inconsistent with each other might be properly united in the same pleading as, by way of illustration, a denial of speaking the words, and an allegation that the words spoken were true, in an action of slander (*Buhler* v. *Wentworth*, 17 Barb. 649), or a denial and a justification of the taking in an action of replevin. (*Hackley* v. *Ogmun*, 10 How. Pr. 44.)

When the present Code of Civil Procedure was enacted in 1876 an attempt was made to impose a limit upon a defendant's right to plead separate and distinct defenses by requiring that "they must not be inconsistent with each other." (Laws of 1876, chap. 448, § 507.) But, in 1879 (Chap. 542), the words above quoted were stricken from the section, so that now, as formerly, a defendant, without any restriction, may set forth in his answer "as many defences or counterclaims, or both, as he has" (Code Civ. Proc. § 507); and it matters not whether they are consistent or inconsistent with each other. (*Bruce* v. *Burr*, 67 N. Y. 237 ; *Goodwin* v. *Wertheimer*, 99 id. 149 ; *Societa Italiana* v. *Sulzer*, 138 id. 468.)

A defendant is sometimes required to elect upon which of two inconsistent defenses he will rely, but this is done only where, from the very nature of the case, it is impossible for him to avail himself of both. (*Breunich* v. *Weselman*, 100 N. Y. 609 ; *Hollenbeck* v. *Clow*, 9 How. Pr. 289.)

In these modern times the tendency is unmistakably towards liberality in our system of pleading, and the courts are disposed to afford suitors ample opportunity to so frame their issues as to be able to litigate any and all matters in difference between them. We see no sufficient reason for making the present case an exception to this rule and are, therefore, of the opinion that the order appealed from should be reversed.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.