C. I. T. CORPORATION, Respondent, *v.* REVOIR MOTORS, INC., Appellant.*

First Department, June 29, 1939.

*John J. Mahon,* for the appellant.

*Joseph G. Myerson* of counsel [*Jeremiah C. Lazar* with him on the brief], for the respondent.

CALLAHAN, J. Plaintiff, as transferee, sues defendant as indorser of ten promissory notes executed in connection with the conditional sale of ten taxicabs by defendant to Airflow Taxi Corporation, the maker of the notes. The terms of defendant's liability on all notes accepted by plaintiff were set forth in a " Retail Protection

* Revg. 171 Misc. 464.

Agreement " entered into between the parties to this action. Under this agreement it appears that defendant was to be liable as indorser " with full recourse " on the class of paper involved herein, even though the indorsements actually made were without recourse. In the absence of proof of a different intention, the liability of defendant as indorser " with full recourse " would appear to be no greater than that applicable to the ordinary indorser of commercial paper.

It appears from the record that after default of Airflow the taxicabs were repossessed by plaintiff under the conditional sales agreements which had been assigned to it. The circumstances of the retaking were such that a sale at public auction was required by the Uniform Conditional Sales Law (Pers. Prop. Law, § 79). Plaintiff, instead of selling the cabs at public auction, procured from Airflow an agreement in writing that the cabs might be sold at private sale, Airflow to remain liable for any deficiency on its indebtedness after such sale.

Defendant contends that this agreement amounted to a mere attempt to waive the rights conferred upon a conditional vendee by sections 79 and 80-e of the Personal Property Law and that such waiver is against public policy. (See Pers. Prop. Law, § 80-f; *Crowe* v. *Liquid Carbonic Co.*, 208 N. Y. 396; *Adler* v. *Weis & Fisher Co.*, 218 id. 295.) Plaintiff, on the other hand, contends that this was a valid contract made after default and retaking for a sufficient consideration and, therefore, enforcible. (See *Seeley* v. *Prentiss Tool & Supply Co.*, 158 App. Div. 853.) These contentions need not be decided at this time, for plaintiff asserts that in any event defendant knew of and consented to the making of the new arrangement for a private sale. If this is the fact, defendant clearly would be estopped from asserting that such new arrangement released it from liability. We think that the affidavits establish a triable issue as to whether defendant gave its consent before the time had expired for holding the auction sale. Plaintiff says that defendant has admitted giving such consent in its brief. We find no admission sufficient to indicate that defendant takes such a position. In its affidavit for summary judgment, defendant denies that it had any knowledge that the new arrangement was to be made and contends that it asserted the necessity of holding an auction sale in order to avoid releasing the buyer.

If the new arrangement was made with its consent, defendant's liability would be no greater than that of the principal debtor, which was limited by the new contract to the difference between the amount due on the indebtedness and the amount received at a

private resale of the taxicabs. Accordingly, defendant would appear to have at least a right of setoff in a sum representing the net amount which might have been obtained on a resale, if plaintiff retained ownership of the taxicabs.

Though the plaintiff contends that it delivered the taxicabs to defendant upon retaking and has ever since treated them as belonging to defendant, it procured from defendant a receipt showing that the taxicabs were to remain plaintiff's property. This form of receipt, plaintiff contends, was used through error. This claim raises a further question of fact, the determination of which must await trial.

As to the eleventh cause of action, which was based on a different transaction, we find nothing in the affidavits warranting summary judgment.

Under the circumstances it was error to award judgment to either party.

The judgment, and the order in so far as it grants plaintiff's motion for summary judgment, should be reversed and plaintiff's motion for summary judgment denied.

MARTIN, P. J., O'MALLEY, TOWNLEY and COHN, JJ., concur.

Judgment, and the order in so far as it grants plaintiff's motion for summary judgment, unanimously reversed and plaintiff's motion for summary judgment denied.