Vast Voorhis, J. (concurring in part).
The present appeal concerns only questions of pleading. The merits of the controversy are not before us for decision. The error in the order appealed from, in my judgment, consists in striking out the defenses of fair comment and of qualified privilege. Unless these defenses are allowed to stand, it is presumed that the words were false, uttered in malice and that plaintiff has been damaged (Corrigan v. Bobbs-Merrill Co., 228 N. Y. 58; Byam v. Collins, 111 N. Y. 143, 158; Hunt v. Bennett, 19 N. Y. 173, 176; Devoy v. Irish World & Amer. Ind. Liberator Co., 208 App. Div. 319). If defendant’s statement is protected by qualified privilege, however, malice is not presumed in aid of the plaintiff’s case but must be proved as an actual fact as well as that the statement is false (Ashcroft v. Hammond, 197 N. Y. 488). If the jury were to find that the statement was not made maliciously, that would end the case under that defense. If the statement was fair comment upon facts truly stated, that would also be a complete defense to the action, and would not operate merely in mitigation as the order now provides. Mitigation formerly signified nothing except that it might reduce or avoid punitive damages (Bergmann v. Jones, 94 N. Y. 51; Abell v. Cornwall Ind. Corp., 241 N. Y. 327). Since Fleckenstein v. Friedman (266 N. Y. 19) it may relate to compensatory damage, but mitigation remains far removed from being a complete defense.
The first affirmative defense in the answer (designated “ II ”) was held to be insufficient to allege a defense in fair comment, on the basis that its allegations do not tend to plead the truth of the assertion that plaintiff was guilty of ‘ ‘ deliberate sabotage or gross neglect ’ ’. This is the one slanderous charge in the speech. On it depends the plaintiff’s cause of action. In *596 analyzing the issues, the first point to determine is whether these five words are the expression of an opinion by Mr. Wehle or the statement of a fact. If asserted as a fact, the appropriate defense is called “ justification.” If put forward as an opinion, the appropriate defense is known as ‘ ‘ fair comment. ’ ’ Although Judge Dye at one point calls these words of defendant an opinion, the defense is held insufficient as pleaded in the answer for the reason that the words are not alleged to be true as a fact. This confuses the defense of fair comment with a defense of justification. Justification may be pleaded where the defamation consists in the assertion of derogatory facts, such as that a woman is unchaste or that a person has committed a crime. The defense of truth, in such instance, consists in alleging that those facts are true. In the present case the defamatory charge against plaintiff does not consist in the facts themselves which defendant avers to be true, but in the conclusion or opinion about plaintiff which defendant has drawn from those facts. In other words, the slanderous nature of what he is quoted as having said consists in comment about plaintiff which defendant made on the basis of facts which he claims to be true. In such case the conventional defense is fair comment not justification. In pleading justification, to be sure, all of the derogatory facts in the charge must be alleged to be true. The justification must be as broad as the charge (White v. Barry, 288 N. Y. 37). But where, as here, the defamation consists not in the facts themselves but in comment based on them, it is enough that the facts are alleged to be true and that the comment is alleged to have been warranted by those facts and to have been made in good faith. Judge Dye’s opinion states that the defense of fair comment is defective in this answer for the reason that it does not ‘ ‘ plead the truth of the statement ’ ’ that plaintiff is chargeable with “ sabotage or gross neglect ”. The reply to that is that in pleading the defense of fair comment it is not necessary or customary to plead the truth of the adverse comment or opinion which a defendant has expressed concerning a plaintiff, but to allege that the facts on which the comment is based are true and that the comment is a conclusion reasonably drawn from those facts, made in good faith, without malice, and honestly believed by defendant to be correct. All of these matters are contained in defendant Wehle’s answer, which is ample to entitle bfm to have these questions presented to a jury.
*597 The facts underlying this comment of sabotage or gross neglect, which defendant claims to be true, are, both as stated in the speech and as alleged in the answer, that in violation of instructions from his superior, plaintiff shipped a large number of pheasants infected with botulism to the Grenadier Island game project, either knowing that they were infected or without using reasonable care to discover that they were healthy. If plaintiff knew that these pheasants were infected with this highly communicable disease and deliberately placed them with the healthy pheasants in the project area, the answer alleges that it was fair comment for defendant to have drawn and expressed the conclusion that plaintiff intentionally sabotaged the project. If plaintiff did not know that the pheasants which he shipped were diseased, but transferred them to the project area against defendant’s orders without taking the trouble to find out, then the answer alleges that he should have known that they were diseased in the exercise of his duties as supervisor of the project and that his failure to ascertain the fact and his shipment of the pheasants against defendant’s instructions warranted the comment of gross neglect.
It is consequently erroneous, in my view, to hold that the answer is defective in not alleging the truth of the opinion that plaintiff is chargeable with sabotage or gross neglect. That is not fact but comment, as Judge Dye’s opinion recognizes. The facts on which the comment is based are alleged to be true, and the comment is alleged to have been warranted by the facts stated and to have been made honestly and without malice.
That is the test of fair comment under the authorities, the leading ones being Foley v. Press Pub. Co. (226 App. Div. 535); Briarcliff Lodge Hotel v. Citizen-Sentinel Publishers (260 N. Y. 106); Hoeppner v. Dunkirk Print. Co. (254 N. Y. 95).
If established at the trial, it is a complete defense to the action. The defense meets this test as it is pleaded in the answer. If evidence is introduced at the trial to support these allegations, the law requires that it be left to the jury to determine whether the facts underlying the comment were true, and whether the conclusion publicly drawn from them by defendant was fair comment or malicious slander. The usual rule applies that it is for the jury to decide whether the defense of fair comment has been established (Seelman, Law of Libel, § 246, and *598 cases cited). The criticism of plaintiff by defendant concerned the administration of the Conservation Department. It involved public affairs, regarding which “ the high, the low, the rich, the poor, the weak, the powerful, the ignorant, the learned, the friend, the foe have equal right to express their opinions ’ ’ (Seelman, Law of Libel, § 235). Seelman reasons beyond Foley v. Press Pub. Co. (supra) and Briarcliff Lodge Hotel Co. v. Citizen-Sentinel Publishers (supra) that comment should not be actionable if it is warranted by the facts even where the commentator is inspired by malice, but we are not confronted with that problem since the answer affirmatively alleges that this comment was made by defendant without malice and as an expression of his honest opinion.
The other defense in the answer which seems to me to have been erroneously stricken relates to privilege. Fair comment is a right open to all and is based upon the truth of the facts underlying the comment. Privilege depends upon occasions or relationships and protects a defendant even though the facts underlying the defamatory material turn out to be false. The defense of privilege in this answer, in my opinion, is not so clearly sufficient in law as the defense of fair comment. I agree with the majority that the absolute privilege is absent which would protect an official report or a speech on the floor of the Legislature or of Congress. Nevertheless a wise public policy would direct that a public officer, reporting to the public or to his constituents concerning the administration of the public business of the State, should be accorded qualified privilege. In many relationships the courts have found a qualified privilege the effect of which is to do away with the implied malice flowing from defamatory statements, and to require proof of actual malice and of falsehood in order to establish the cause of action. In the absence of a relationship entailing qualified privilege, it is, of course, sufficient for a plaintiff to show that defamatory words were spoken of and concerning him. If the libel or slander is per se, the law presumes malice, falsity and damages (Corrigan v. Bobbs-Merrill Co., supra; Byam v. Collins, supra). In cases of qualified privilege, however, malice and falsity are not presumed but must be proved (Ashcroft v. Hammond, supra).
In his answer Mr. Wehle pleaded that he is head of the Department of Conservation of the State of New York, the responsi *599 bility for the activities of which rested upon him; that the speech which he made at the Hotel Woodruff, alleged in the sixth paragraph of the amended complaint, was an oral report of the activities of the Conservation Department to a group of sportsmen and others having a special interest in conservation, and that it included a report respecting the so-called Grenadier Island project. Qualified privilege has been held to extend to communications to district attorneys; by credit agencies to prospective creditors; the report of a title searching company to its applicant; by the director of an institution to its executive committee; reports to employees regarding the motives and way of life of labor leaders conducting an organizational campaign; to a bishop about the clergy; reports of subordinates to superiors; to addressees of telegrams by a telegraph company; to prospective employers in giving references concerning the merits or demerits of employees; letters from a society to its members; communications between stockholders; by a bank to its correspondent; to a Governor on an application for pardon, and to the Secretary of the Treasury about the removal of a customs officer (Washburn v. Gooke, 3 Denio 110; Ormsby v. Douglass, 37 N. Y. 477; Hemmens v. Nelson, 138 N. Y. 517; Ashcroft v. Hammond, 197 N. Y. 488, supra; Pecue v. West, 233 N. Y. 316; Andrews v. Gardiner, 224 N. Y. 440; Ajello v. Title Guar. & Trust Co., 249 N. Y. 548; Pendleton v. Hawkins, 11 App. Div. 602; Browne v. Prudden-Winslow Co., 195 App. Div. 419; Leganowicz v. Rone, 240 App. Div. 731; Klein v. Western Union Tel. Co., 257 App. Div. 386; Meyers v. Huschle Bros., 274 App. Div. 80; Seelman, Law of Libel, §§ 257-265; Law of Slander, §35). In these and many other instances it is not enough to sustain the cause of action that the statements are defamatory. 1 ‘ If the defendant made the statements in good faith, believing them to be true, he will be protected, even if a man of wider reasoning powers or greater skill in sifting evidence would have hesitated. * * * So if he fairly and in good faith relies on hearsay * * * which often may reasonably induce action or belief.” (Pecue v. West, 233 N. Y. 316, 322, supra.)
Prom these diversified relationships to which qualified privilege has been attached, it is plain that it is not limited to official reports by public officers. It is said that under Bingham v. Gaynor (203 N. Y. 27, 32) qualified privilege does not apply to statements made by public officers to the public. That case is *600 not authority for such a sweeping rule. What was decided there was simply that a letter to the Mayor of New York City containing libelous matter about a public officer or employee lost its privilege by being given first to the newspapers.
One does not need to go all the way of Glass v. Ickes (117 F. 2d 273, 277, cert. denied 311 U. S. 718) where the Federal Court of Appeals held that a press release by Secretary Ickes was protected by absolute privilege, in which he sought to forestall contributions to an oil lobbying fund. The opinion by Judge, afterwards Chief Justice, Vmsorr, said: “ Some contention is made by the appellant that this privilege applies only to communications between governmental officials, and not to those from an official to the general public. No such limitation is justified by the language of the Supreme Court in the Vilas [Spalding v. Vilas, 161 U. S. 483] case, nor has this court recognized such a distinction. On the contrary, we have previously held a communication, released generally to the press, within this executive privilege.”
The .Supreme Court of Pennsylvania held to similar effect in Matson v. Margiotti (371 Pa. 188 [1952]) where the State Attorney General had written a letter to a District Attorney advising bim that one of his assistants had communist affiliations, which was released to the press.
It seems that unless qualified privilege is extended to the utterances of public officers whose duty it is to keep the public informed about the operation of their departments, informing the public will become difficult and dangerous concerning governmental affairs in which the people are and ought to be concerned. It is enough, in such situations, if a plaintiff may recover in a slander or libel suit on proving actual malice and falsehood, without their being presumed in his favor.
The circumstance that the answer contains a denial that the statement attributed to defendant in the complaint was made, does not preclude him from pleading the affirmative defenses of fair comment and qualified privilege. Section 262 of the Civil Practice Act allows a defendant to set forth in his answer as many defenses as he has, and this is construed to permit inconsistent defenses to be alleged (Carter, Macy Co. v. Matthews, 220 App. Div. 679; Societa Italiana v. Sulzer, 138 N. Y. 468). Even before this section of the Civil Practice Act read in the *601 Code as it does now, the courts perceived the injustice of preventing a defendant in a libel or slander suit from taking advantage of affirmative defenses unless he conceded that he used the same words which are charged against him in the complaint (Kingsley v. Kingsley, 79 Hun 569; Buhler v. Wentworth, 17 Barb. 649, 9 How. Pr. 282; Stiles v. Comstock, 9 How. Pr. 48; Ormsby v. Douglas, 5 Duer 665; Hamer v. McFarlin, 4 Denio 509. This is the prevailing rule in other States also, as appears from the annotation at 21 A. L. R. 2d 813.)
The order appealed from should be modified so as to sustain the first affirmative defense as a complete defense, and to sustain the second defense as a complete defense of qualified privilege and the third defense as a partial defense; and, as so modified, the order appealed from should be affirmed, with costs to appellant to abide the event. The first question certified should be answered in the affirmative, and the other three questions should be answered in the negative.
Judge Desmond concurs with Judge Dye; Judge Van Voobhis concurs in part in a separate opinion but votes to sustain the first affirmative defense of fair comment (designated in answer as “II”), with which Chief Judge Conway and Judges Fuld and Fboessel agree; and to sustain the second affirmative defense of qualified privilege (designated in answer as “ III ”) as a complete defense, with which Judge Bxjbke agrees; and to sustain the third affirmative defense (designated in answer as “ IV ”) as a partial defense in mitigation insofar as it reiterates paragraphs 1 through 23, with which Chief Judge Conway and Judges Fuld and Fboessel agree.
Order modified to the extent of sustaining the first affirmative defense of fair comment (designated in answer as “II ”) as a complete defense, and the third affirmative defense (designated in answer as “ IV ”) as a partial defense in mitigation insofar as it reiterates paragraphs 1 through 23 of the answer, and, except as so modified, affirmed, without costs. Questions certified Nos. 1 and 3 answered in the affirmative; question certified No. 2 answered in the negative; question certified No. 4 answered in the negative as to allegations of the answer 1 through 23, and in the affirmative as to allegations 24 through 27.