■ PAUL E. TRAVIGLIA, Appellant, v FLEET BANK, N. A., Respondent. [631 NYS2d 423] —In an action to recover damages, *inter alia,* for termination of employment in violation of Executive Law § 296 and defamation, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), entered February 3, 1994, which, *inter alia,* granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, Paul Traviglia, formerly vice president of the defendant bank, was charged with sexual harassment by two subordinate female employees. Following an internal investigation of the complaints, the bank discharged the plaintiff. Thereafter, the plaintiff commenced this action against the bank alleging, *inter alia,* that employees of the bank slandered him when they told bank customers that he had been discharged for sexual harassment, that the bank was obligated to pay him severance pay, and that his discharge was the product of sexual discrimination proscribed by Executive Law § 296.

Although an at-will employee, such as the plaintiff, may be terminated from employment for any reason. *(see, Sabetay v Sterling Drug,* 69 NY2d 329; *Murphy v American Home Prods. Corp.,* 58 NY2d 293), such termination may not be based on the statutorily impermissible practices of the employer *(see, Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.,* 71 NY2d 623, 630). The plaintiff contends that his termination constituted unlawful sexual discrimination in violation of Executive Law § 296 because the bank's sexual harassment policy was applied differently on the basis of the employee's gender.

The Supreme Court properly dismissed the plaintiff's cause of action based on the alleged violation of Executive Law § 296. The plaintiff's factual allegations failed to make out a prima facie case of sexual discrimination since he did not show that he was treated differently from female employees in the same situation *(cf., State Div. of Human Rights v County of Onondaga Sheriff's Dept., supra).*

The plaintiff's defamation causes of action, which were based on statements by his fellow employees to bank customers, were

properly dismissed *(see, Liberman v Gelstein,* 80 NY2d 429; *Browne v Prudden-Winslow Co.,* 195 App Div 419). In addition, the plaintiff failed to establish his entitlement to severance pay as he was terminated "for cause", and eligibility under the bank's severance pay plan was explicitly limited to those employees dismissed "other than for cause".

We find the plaintiff's remaining contentions to be without merit. Miller, J. P., O'Brien, Ritter and Goldstein, JJ., concur.